RECEIVED

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

2007 MAR 12 A 9: 40

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| IN RE: | ) |
| | ) |
| WILLIAM DAVIS, & | ) |
| LINDA DAVIS, | ) |
| | ) |
| PLAINTIFFS, | ) CASE NUMBER: 1:07cv 215-WKW |
| | ) |
| VS. | ) **JURY DEMAND** |
| | ) |
| ARROW FINANCIAL SERVICES, LLC. | ) |
| | ) |
| DEFENDANT. | ) |

## COMPLAINT

### I. INTRODUCTION

1.  This is a Complaint for damages, for actual, statutory, and punitive damages, brought by the Plaintiffs, William and Linda Davis, against the Defendant, Arrow Financial Services, LLC. (hereinafter, "Arrow Financial"), for Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq, (hereinafter, "FDCPA"); the Defendant's intentional infliction of emotional distress; the Defendant's conversion; the Defendant's tortuous interference with a contractual relation; the Defendant's outrage; and the Defendant's negligent supervision.

### II. JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.  Venue in this district is proper in that the Defendant regularly transacts business here and the conduct complained of occurred here.

## III. PARTIES

4. Plaintiffs are resident citizens of Henry County, Alabama.

5. The Defendant, Arrow Financial, is an Illinois corporation engaged in the debt collection business with its principal place of business believed to be located at 5996 West Touhy Avenue, Niles, Illinois 60714. The Defendant's principal purpose is to collect debts using the mail and telephone. The Defendant, Arrow Financial, regularly attempts to collect debts alleged to be due another.

6. The Defendant, Arrow Financial, is a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

7. The alleged indebtedness, to Arrow Financial, originated from an HSBC account.

8. On or about early October, 2006, the Defendant, Arrow Financial, telephoned the Plaintiff, Linda Davis, at home requesting payment of an alleged consumer debt.

9. On or about early October, 2006, the Defendant, by and through its collector identifying himself as Clint Daoud (hereinafter, "Daoud") telephoned the Plaintiff, Linda Davis, and advised her that the Defendant had made an inquiry on her credit file and discovered that she had an open line of credit with Sears Gold Mastercard, also known as CitiBank, South Dakota.

10. During the course of the conversation, between Daoud and Plaintiff, Linda Davis, Daoud recommended that Plaintiff satisfy the alleged indebtedness to Defendant by charging it on the Sears Gold MasterCard.

11. During the course of the conversation, between Daoud and Plaintiff, Linda Davis, Plaintiff steadfastly refused to charge any amount on her Sears Gold MasterCard account.

12. On or about October 23, 2006, the Defendant instituted an unauthorized and illegal charge on the Plaintiffs' Sears Gold MasterCard, bearing an account number ending in 8315, in the amount of $6,299.00.

13. On or about November 24, 2006, the Plaintiffs received correspondence from the Defendant that the alleged indebtedness was settled in full with a payment of $6,299.00.

14. The alleged satisfaction of the account, through an unauthorized and illegal charge on the Plaintiffs' Sears Gold MasterCard with an account number ending in 8315, occurred without the knowledge or consent of the Plaintiffs.

15. The Defendant's unauthorized and illegal charge on the Plaintiffs' Sears Gold MasterCard with an account number ending in 8315, was conducted by Defendant to exercise dominion and control over the Plaintiffs' property, to wit: $6,299.00.

### COUNT I - VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiffs, William and Linda Davis, adopt and incorporate paragraphs 1 through 15 as if fully set out herein.

17. Defendant, Arrow Financial, as violated the FDCPA including, but not limited to, 15 U.S.C. §§ 1692d, -e, -f; or -g.

18. Plaintiffs have been damaged as a result of Defendant's actions.

### COUNT II - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

19. Plaintiffs, William and Linda Davis, adopt and incorporate paragraphs 1 through 18 as if fully set out herein.

20. The Defendant's actions were an intentional infliction of emotional distress, willful and intentionally undertaken, knowing that the same were designed to abuse and coerce and create great mental and physical pain and damage. The Plaintiffs were caused great mental

anguish, physical anguish, great inconvenience, chagrin, caused to be embarrassed, caused to be made physically sick, caused great loss of sleep, caused to be made ill, weak and sick, and caused to suffer great fear, fright, and intimidation. The Defendant, Arrow Financial, is a corporation, individual, or individuals employed by the corporation and have committed the acts complained of herein in the State of Alabama.

21. As a proximate consequence of the Defendant's intentional infliction of emotional distress, the Defendant has caused the Plaintiff great worry, shame, humiliation, loss of sleep, anxiety, nervousness, sickness, physical and mental suffering, pain, anguish and fright.

## COUNT III - NEGLIGENT SUPERVISION

22. Plaintiffs, William and Linda Davis, adopts and incorporates paragraphs 1 through 21 as if fully set out herein.

23. As a proximate consequence and result of the intentional infliction of emotional distress, as delineated in Count II, the Defendant's actions constitute negligent supervision and training of its personnel hired for the purpose of collecting debts.

24. The Defendant, Arrow Financial, had notice or knowledge, either actual or presumed, of its servants' incompetency or unfitness. Further, the specific acts of incompetency were of such nature, character, and frequency that Defendant, Arrow Financial, in the exercise of due care must have had notice of such action.

## COUNT IV - CONVERSION

25. Plaintiffs, William and Linda Davis, adopt and incorporate paragraphs 1 through 24 as if fully set out herein.

26. Defendant, Arrow Financial, charged $6,299.00 on the Plaintiffs' Sears Gold MasterCard with an account number ending in 8315, without specific authority or consent of the Plaintiffs.

27. The Defendant, Arrow Financial, made an unauthorized and illegal withdrawal of money from the Plaintiffs' Sears Gold MasterCard. The illegal and unauthorized withdrawal amounted to Arrow Financial's conversion of specific personal property to its own use and beneficial enjoyment.

28. Alternatively, the Defendant, Arrow Financial, by making an unauthorized and illegal withdrawal, exercised dominion over property to which the Plaintiffs had a general or specific title and of which the Plaintiffs were entitled to immediate possession.

29. The Defendant, Arrow Financial, made an unauthorized and illegal withdrawal of money from the Plaintiffs' Sears Gold MasterCard account thereby receiving property from Sears Gold MasterCard when it (the Defendant) had no right to such property.

30. Defendant's illegal and unauthorized withdrawal of money from the Plaintiffs' Sears Gold MasterCard was an exercise of dominion and control over said money.

31. Plaintiffs have been damaged as a result of the Defendant's actions.

**COUNT V - TORTUOUS INTERFERENCE WITH A CONTRACTUAL RELATIONSHIP**

32. Plaintiffs, William and Linda Davis, adopt and incorporate paragraphs 1 through 31 as if fully set out herein.

33. The Plaintiffs, William and Linda Davis, had an ongoing contractual relationship with the Sears Gold MasterCard with an account number ending in 8315.

34. The Defendant, Arrow Financial, had knowledge of the contractual relation between the Plaintiffs and Sears Gold MasterCard.

35. The Defendant, Arrow Financial, intentionally interfered with the contractual relation between the Plaintiffs and Sears Gold MasterCard.

36. The Plaintiffs, William and Linda Davis, suffered damages as a result of the Defendant's interference with the contractual relation.

## COUNT VI - OUTRAGE

37. Plaintiffs, William and Linda Davis, adopt and incorporate paragraphs 1 through 36 as if fully set out herein.

38. The Defendant's conduct, by making an unauthorized and illegal withdrawal of money from the Plaintiffs' Sears Gold MasterCard account, was intentional or reckless.

39. The Defendant's conduct, by making an unauthorized and illegal withdrawal of money from the Plaintiffs' Sears Gold MasterCard account, was extreme and outrageous.

40. The Defendant's conduct, by making an unauthorized and illegal withdrawal of money from the Plaintiffs' Sears Gold MasterCard account, caused Plaintiffs' emotional distress so severe that no reasonable person could be expected to endure the conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, William and Linda Davis, request this Honorable Court enter judgment against the Defendant, Arrow Financial Services, LLC., for the following;

a) Actual damages;

b) Maximum statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k;

c) Punitive damages;

d) Costs and reasonable attorney fees; and,

e) All other relief that is just.

BROCK & STOUT

_[signature]_

David G. Poston, Esq.
Michael D. Brock, Esq.
Gary W. Stout, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
334-671-5555
334-671-2689 Facsimile
Email: christal@circlecitylaw.com