IN THE UNITED STATES DISTRICTCOURT FOR THE
MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM DAVIS and<br>LINDA DAVIS,<br><br>  Plaintiffs,<br>v.<br><br>ARROW FINANCIAL SERVICES, LLC<br><br>  Defendants. | CIVIL ACTION NO.:<br>07-CV-215 |

## ANSWER

COMES NOW, Arrow Financial Services, LLC (hereinafter referred to as "Arrow") a Defendant in the above styled cause, and for answer to complaint filed by the Plaintiffs, William and Linda Davis (hereinafter referred to as "the Plaintiffs"), states the following:

1. Arrow admits the allegations contained in paragraph 1 of Plaintiffs' complaint.

2. Arrow admits the allegations contained in paragraph 2 of Plaintiffs' complaint.

3. Arrow admits the allegations contained in paragraph 3 of Plaintiffs' complaint.

4. Arrow admits the allegations contained in paragraph 4 of Plaintiffs' complaint.

5. Arrow admits the allegations contained in paragraph 5 of Plaintiffs' complaint.

6. Arrow admits the allegations contained in paragraph 6 of Plaintiffs' complaint.

7. Arrow admits the allegations contained in paragraph 7 of Plaintiffs' complaint.

8. Arrow admits the allegations contained in paragraph 9 of Plaintiffs' complaint.

9. Arrow denies the allegations set forth in paragraph 9 of Plaintiffs' complaint and demands strict proof thereof.

10. Arrow denies the allegations contained in paragraph 10 of Plaintiffs' complaint and demands strict proof thereof.

06-00121-0 pcm

11. Arrow denies the allegations contained in paragraph 11 of Plaintiffs' complaint and demands strict proof thereof.

12. Arrow denies the allegations contained in paragraph 12 of Plaintiffs' complaint and demands strict proof thereof.

13. Arrow denies the allegations contained in paragraph 13 of Plaintiffs' complaint and demands strict proof thereof.

14. Arrow denies the allegations contained in paragraph 14 of Plaintiffs' complaint and demands strict proof thereof.

15. Arrow denies the allegations contained in paragraph 15 of Plaintiffs' complaint and demands strict proof thereof.

## COUNT I

16. Arrow adopts and incorporates the statements contained in paragraphs 1 through 15 of Plaintiffs' complaint as if fully set forth herein.

17. Arrow denies the allegations contained in paragraph 17 of Plaintiffs' complaint and demands strict proof thereof.

18. Arrow denies the allegations contained in paragraph 18 of Plaintiffs' complaint and demands strict proof thereof.

## COUNT II

19. Arrow adopts and incorporates the statements contained in paragraphs 1 through 18 of Plaintiffs' complaint as if fully set forth herein.

20. Arrow denies the allegations contained in paragraph 20 of Plaintiffs' complaint and demands strict proof thereof.

21. Arrow denies the allegations contained in paragraph 21 of Plaintiffs' complaint and demands strict proof thereof.

## COUNT III

22.   Arrow adopts and incorporates the statements contained in paragraphs 1 through 21 of Plaintiffs' complaint as if fully set forth herein.

23.   Arrow denies the allegations contained in paragraph 23 of Plaintiffs' complaint and demands strict proof thereof.

24.   Arrow denies the allegations contained in paragraph 24 of Plaintiffs' complaint and demands strict proof thereof.

## COUNT IV

25.   Arrow adopts and incorporates the statements contained in paragraphs 1 through 24 of Plaintiffs' complaint as if fully set forth herein.

26.   Arrow denies the allegations contained in paragraph 26 of Plaintiffs' complaint and demands strict proof thereof.

27.   Arrow denies the allegations contained in paragraph 27 of Plaintiffs' complaint and demands strict proof thereof.

28.   Arrow denies the allegations contained in paragraph 28 of Plaintiffs' complaint and demands strict proof thereof.

29.   Arrow denies the allegations contained in paragraph 29 of Plaintiffs' complaint and demands strict proof thereof.

30.   Arrow denies the allegations contained in paragraph 30 of Plaintiffs' complaint and demands strict proof thereof.

31.   Arrow denies the allegations contained in paragraph 31 of Plaintiffs' complaint and demands strict proof thereof.

## COUNT V

32. Arrow adopts and incorporates the statements contained in paragraphs 1 through 31 of Plaintiffs' complaint as if fully set forth herein.

33. Arrow is without sufficient information to admit or deny the allegations contained in paragraph 33 of Plaintiffs' complaint. Therefore, the allegations are denied.

34. Arrow denies the allegations contained in paragraph 34 of Plaintiffs' complaint and demands strict proof thereof.

35. Arrow denies the allegations contained in paragraph 35 of Plaintiffs' complaint and demands strict proof thereof.

36. Arrow denies the allegations contained in paragraph 36 of Plaintiffs' complaint and demands strict proof thereof.

## COUNT VI

37. Arrow adopts and incorporates the statements contained in paragraphs 1 through 36 of Plaintiffs' complaint as if fully set forth herein.

38. Arrow denies the allegations contained in paragraph 38 of Plaintiffs' complaint and demands strict proof thereof.

39. Arrow denies the allegations contained in paragraph 39 of Plaintiffs' complaint and demands strict proof thereof.

40. Arrow denies the allegations contained in paragraph 40 of Plaintiffs' complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

COMES NOW, Arrow Financial Services, LLC (hereinafter referred to as "Arrow"), in response to the Plaintiffs' complaint, raises the following affirmative defenses.

1. Plaintiffs' complaint fails to state a cause of action against Arrow upon which relief can be granted.

2. Arrow is not liable for the acts complained of by the Plaintiffs as such acts, if they occurred, were not intentional, but resulted from bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid any such error. Therefore, under the provision of 15 U.S.C. 1692 k (c), Arrow is not liable to the Plaintiffs.

3. The Plaintiffs authorized the actions of Arrow by voluntarily making payment to Arrow.

4. The Plaintiffs' complaint is barred by the equitable doctrine of set-off.

5. The Plaintiffs' complaint is barred by the equitable doctrine of recoupment.

6. Arrow's actions, with respect to the subject matter alleged in the complaint, were taken in good faith and justified by legitimate motives, purposes and reasons, with the absence of malicious intent to injure Plaintiffs.

7. Plaintiffs have suffered no damage.

8. Plaintiffs have failed to mitigate the damage.

9. Plaintiffs engaged in such conduct and activity with respect to the occurrences and acts made the subject of this action, and by reason of such conduct, the Plaintiffs are estopped from asserting any claims or seeking damages.

10. The Plaintiffs complaint is barred by the equitable doctrine of laches.

11. The Plaintiffs complaint is barred by the equitable doctrine of waiver.

06-00121-0 pcm

12. The action brought by the Plaintiffs is brought in bad faith and brought for the sole purpose of harassing the Defendant, Arrow.

13. Arrow reserves the right to amend these affirmative defenses as new defenses are discovered.

                                                                              _____
                                                                              Paul J. Spina, III          (SPI007)
                                                                              Attorney for Arrow Financial Services, LLC

**OF COUNSEL:**
YEAROUT, SPINA & LAVELLE, P. C.
1500 Urban Center Drive, Suite 450
Birmingham, AL 35242
(205) 298-1800

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing answer upon the following by placing the same in the U.S. Mail, postage pre-paid, and via ECF e-mail on this the 15th day of **May, 2007.**

                                                                              _____
                                                                              OF COUNSEL

Mr. David G. Poston, Esq.
Mr. Gary W. Stout, Esq.
Mr. Michael D. Brock, Esq.
BROCK & STOUT
Post Office Drawer 311167
Enterprise, Alabama 36331

06-00121-0 pcm