IN THE UNITED STATES DISTRICTCOURT FOR THE
MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM DAVIS and <br> LINDA DAVIS, <br><br> Plaintiffs, <br> v. <br><br> ARROW FINANCIAL SERVICES, LLC <br><br> Defendants. | ) <br> ) <br> ) <br> )     CIVIL ACTION NO.: <br> )     07-CV-215 <br> ) <br> ) <br> ) <br> ) |

## ARROW FINANCIAL SERVICES, LLC'S
## COUNTERCLAIM ANGAINST LINDA DAVIS

COMES NOW, Arrow Financial Services, LLC (hereinafter referred to as "Arrow") and having previously answered the complaint filed by the Plaintiffs, William and Linda Davis, files this it's Counterclaim against Linda Davis. For complaint against Ms. Davis (hereinafter referred to as "Ms. Davis"), Arrow would show unto the Court the following:

### JURISDICTION

1. This Court has supplemental jurisdiction over the claims of Arrow against Ms. Davis set forth in this counterclaim pursuant to 28 U.S.C. § 1367, as the claims outlined herein are so related to the claims in the original action, they form part of the same case or controversy under Article III of the United States Constitution. *See* 28 U.S.C. § 1367(a) and *Bakewell v. Federal Financial Group Inc.* 2006 WL 739807 (N.D.Ga. 2006).

### FACTS

2. Household Bank (sometimes referred to as "the Issuer") issued a credit card on behalf of Yamaha Motor Corporation to Ms. Davis. Ms. Davis received and used (or authorized the use of) this credit card, and therefore, became obligated to pay for the charges incurred with this card.

3. Ms. Davis has defaulted on the obligation to make monthly payments on the credit card account. The entire balance on the credit card account is presently due and payable in full.

4. On or about the 18th day of September, 2006, Household Bank sold the unpaid, charged-off credit card account of Ms. Davis to Arrow. The total account balance purchased by Arrow was $10,612.80.

**FIRST CAUSE OF ACTION – BREACH OF CONTRACT**

5. Arrow adopts and incorporates the statements and allegations set forth in Paragraphs 1 though 5 as if fully set forth herein.

6. The issuance of a credit card constitutes the offer of a contract. *See, e.g., Bank One, Columbus, N.A. v. Palmer,* 63 Ohio App. 3d 491, 492, 579 N.E.2d 284,285 (Ohio Ct. App. 1989). Use of a credit card constitutes acceptance of the terms of the cardmember agreement. *See, e.g., Grasso v. First USA Bank,* 713 A.2d 304 (Del1998); *Read v. Gulf Oil Corporation,* 114 Ga. App. 21, 150 S.E.2d 319, 320 (1966); *Petroleum Co. v. McMillian,* 168 S.W. 2d 881 (Tex. Civ. App. 1943). Even in the absence of such an agreement, the issuance of the credit card constitutes an offer of credit. *Feder v. Fortunoff,* 474 N.Y.S.2d 937 (N.Y. 1984), *citing Empire Nat'l Bank v. Monahan,* 82 Misc. 2d 808, 370 N.Y.S.2d 840 (N.Y. County Ct. 1975).

7. By using and/or authorizing the use of the credit card, Ms. Davis accepted the contract with the Issuer and became bound to pay for all charges incurred with the credit card. Ms. Davis also became subject to all of the terms and conditions of the Issuer's cardholder agreement.

8. The Issuer sent to Ms. Davis monthly bills reflecting, *inter alia,* all charges incurred with the credit card, the monthly payment due, and the total balance due. To the best of

Arrow's knowledge and belief Ms. Davis did not send to the Issuer any disputes of the monthly bills or the charges reflected thereon.

9. Ms. Davis defaulted in the payment obligation on the credit card. Such breach of contract proximately caused the Issuer damages in the amount of the balance due on the credit card account. That obligation has been assigned to Arrow, who is the party entitled to enforce the contract and receive payment of the credit card balance.

10. Ms. Davis is presently indebted to Arrow in the amount of $10,612.80, that being the balance due through September 18, 2006. Arrow is also entitled to recover contractual interest at the rate provided for in the Issuer's contract with Ms. Davis. *See Olvera v. Blitt & Gaines, P.C.*, 431 F.3d 285 (7th Cir. 2005). Arrow seeks judgment for such sums, together with post-judgment interest at the maximum rate allowed by law.

## SECOND CAUSE OF ACTION – MONEY HAD AND RECEIVED

11. Arrow adopts and incorporates the statements and allegations set forth in Paragraphs 1 though 10 as if fully set forth herein.

12. In the alternative, and without waiving the foregoing, Ms. Davis received and used (or authorized the use of) the credit card knowing that the Issuer expected to be repaid for all charges incurred with the card, together with interest thereon. With each use of the credit card, the Issuer paid money on Ms. Davis' behalf to the merchant with whom the credit card was used. Ms. Davis is liable for repayment of such sums under the doctrine of money had and received.

13. Arrow is the assignee of the Issuer's right to be repaid by Ms. Davis for such money had and received, and it is entitled to recover from Ms. Davis the sum of $10,612.80, that being the balance due through September 18, 2006, the date the account was purchased. Arrow is also entitled to recover contractual interest [at the rate provided for in the Issuer's contract with

Ms. Davis. *See Olvera v. Blitt & Gaines, P.C.*, 431 F.3d 285 (7th Cir. 2005)]. Arrow seeks judgment for such sums, together with post-judgment interest at the maximum rate allowed by law.

## THIRD CAUSE OF ACTION – ACCOUNT STATED

14. Arrow adopts and incorporates the statements and allegations set forth in Paragraphs 1 though 13 as if fully set forth herein.

15. In the alternative, and without waiving the foregoing, Arrow asserts that Ms. Davis' use of the credit card to purchase good and services represented a periodic account for which the Issuer generated regular monthly statements. Ms. Davis is liable to Arrow, the assignee of the account, for the account balance, together with interest thereon at the rate allowed by law.

## ATTORNEY'S FEES

16. Pursuant to the terms of the cardholder agreement, Arrow is entitled to recover reasonable attorney's fees and court costs for the pursuit of this action. Such amount is subject to determination by the Court [or the trier of fact], and Arrow requests that the Court award attorney's fees in the amount that it determines to be reasonable in this action, together with all taxable costs.

WHEREFORE, premises considered, Arrow prays for a judgment for the following:

a. $10,612.80, which is the balance due on the credit card as of the date of Arrow's purchase of the account;

b. contractual interest from the date of September 18, 2006 through the date of judgment;

c. post-judgment interest at the maximum rate allowed by law;

d. attorney's fees in the amount determined by the Court [or the trier of fact] to be reasonable;

e. all costs of court; and

f.   all such other and further relief to which Arrow may be justly entitled

Respectfully submitted,

_____
Paul J. Spina, III          (SPI007)
Attorney for Arrow Financial Services, LLC

**OF COUNSEL:**
YEAROUT, SPINA & LAVELLE, P. C.
1500 Urban Center Drive, Suite 450
Birmingham, AL 35242
(205) 298-1800

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon the following by placing the same in the U.S. Mail, postage pre-paid, and via ECF e-mail on this the 6th day of **July, 2007**.

_____
OF COUNSEL

Mr. David G. Poston, Esq.
Mr. Gary W. Stout, Esq.
Mr. Michael D. Brock, Esq.
BROCK & STOUT
Post Office Drawer 311167
Enterprise, Alabama 36331