IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| WILLIAM DAVIS, & ) | |
| LINDA DAVIS, ) | CASE NUMBER: |
| ) | 1:07-CV-215-WKW |
| PLAINTIFFS, ) | |
| ) | |
| VS. ) | |
| ) | |
| ARROW FINANCIAL SERVICES, LLC., ) | |
| ) | |
| DEFENDANT. ) | |

## BRIEF IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM

COME NOW, the Plaintiffs, William and Linda Davis, by and through their undersigned attorney, and file this brief in support of their motion to dismiss the Defendant's counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(1), and would show the following:

### I. STATEMENT OF FACTS

The Plaintiffs, William and Linda Davis, allegedly incurred personal financial obligations to Household Bank. Sometime thereafter, Plaintiffs fell behind on their payments allegedly owed on the alleged debt. Subsequently, the alleged debt was assigned, placed, or otherwise transferred to the Defendant for collection. On or about early October, 2006, the Defendant telephoned the Plaintiff, Linda Davis, at her residence requesting payment of an alleged consumer debt. On or about early October, 2006, the Defendant, by and through its collector identifying himself as "Clint Daoud" (hereinafter, "Daoud"), telephoned the Plaintiff, Linda Davis. Daoud advised the Plaintiff that the Defendant had previously made an inquiry on her consumer credit file, and discovered that she had an open line of credit with Sears Gold MasterCard a/k/a CitiBank, South Dakota. During the course of the conversation between Daoud and Plaintiff, Linda Davis, Daoud recommended that Plaintiffs satisfy the alleged indebtedness to Defendant by charging it on the Sears Gold

MasterCard. During the course of the conversation between Daoud and Plaintiff, Linda Davis, Plaintiff steadfastly refused to charge any amount on her Sears Gold MasterCard account. On or about October 23, 2006, the Defendant instituted an unauthorized and illegal charge on the Plaintiffs' Sears Gold MasterCard, bearing an account number ending in 8315, in the amount of $6,299.00. On or about November 24, 2006, the Plaintiffs received correspondence from the Defendant stating that the alleged indebtedness was settled in full with the payment of $6,299.00. The unauthorized and illegal charge on the Plaintiffs' Sears Gold MasterCard occurred without the knowledge or consent of the Plaintiffs. On March 13, 2007, the Plaintiffs filed a complaint against the Defendant claiming violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter, "FDCPA"), and various state law claims.

On or about July 6, 2007, the Defendant filed a counterclaim consisting of various state law causes of action including breach of contract, money had and received, and account stated. Defendant claims supplemental jurisdiction for these causes of action pursuant to 28 U.S.C. § 1367(a).

## II. INTRODUCTION

The purpose of the Defendant's counterclaim is clear: to overshadow the Plaintiffs' FDCPA cause of action, and to harass and abuse the Plaintiffs for bringing said cause of action. To allow such a counterclaim would have a chilling effect on consumer's rights to bring causes of action under the FDCPA. Defendant hopes that this unrelated counterclaim will improperly confuse and persuade a finder of fact as well as improperly coerce Plaintiffs into dismissing their rights.

The Court must undertake several steps to determine whether or not it has supplemental jurisdiction over a Defendant's counterclaims. Bakewell v. Fed. Fin. Group, Inc., 2006 U.S. Dist. LEXIS 23073 (D. Ga. 2006) at 7. First the Court must determine if the counterclaim is compulsory or permissive. Id. The counterclaim is compulsory if it "arises out of the same transaction or

occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a). Permissive counterclaims are "any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(b). Supplemental jurisdiction is possible under § 1367(a) when the counterclaim is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). If the Court finds the counterclaim to be permissive and determines that supplemental jurisdiction exists under § 1367(a), the Court must then decide whether it should exercise its discretion under § 1367(c) to decline to assert supplemental jurisdiction.

**A.    Federal Rule of Civil Procedure 12(b)(1) Standard.**

Plaintiffs and counsel bring this motion pursuant to Federal Rule of Civil Procedure 12(b)(1), which provides:

> "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter...."

Fed. R. Civ. P. 12(b)(1)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) can challenge a party's claim facially or substantively. Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999); Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir.1990) (citing Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir.1980)). On a facial challenge, the moving party contests the adequacy of the language used in the pleading, while on a substantive challenge, the moving party contests the factual basis giving rise to federal jurisdiction. Id. A party may move to dismiss a complaint if it fails to allege facts sufficient to invoke the Court's subject matter jurisdiction. Fed.R.Civ.P 12(b)(1). The parties seeking jurisdiction must produce facts necessary to establish subject matter

jurisdiction. Stuart Weitzman, LLC v. Micro Computer Res., Inc., 2007 U.S. Dist. LEXIS 15707 (D. Fla. 2007).

The Defendant's counterclaims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because this court lacks jurisdiction over the subject matter of the counterclaim.

### III. ARGUMENT

**A.    The Counterclaim Asserted By The Defendant Is Not Compulsory**

Counterclaims are divided into two categories: compulsory and permissive. Fed. R. Civ. P. 13. A compulsory counterclaim arises "out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a). A permissive counterclaim is "any claim against an opposing party not arising out of the transaction or occurrence that is the subject of the opposing party's claim." Fed. R. Civ. P. 13(b). The Court has jurisdiction over all compulsory counterclaims.

In determining whether a counterclaim is compulsory, the Eleventh Circuit applies the "Logical Relationship" test. Bakewell at 7; see also Republic Health Corp. v. Lifemark Hospitals, 755 F.2d 1453, 1455 (11th Cir. 1985); and Montgomery Ward Development Corp. v. Juster, 932 F.2d 1378 (11th Cir.1991). That test finds a logical relationship to exist when "the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant." Bakewell at 8.

The counterclaim made by the Defendant is not compulsory. The operative facts which give rise to Plaintiffs' claim herein are the same facts giving rise to the Plaintiffs' FDCPA cause of action, namely the Defendant's actions in furtherance of the abusive and deceptive attempt to collect an alleged debt in violation of the FDCPA. To establish their FDCPA claim, the Plaintiffs

must show that: (1) they were the object of collection activity arising from a consumer debt; (2) the Defendant collecting the "debt" is a "debt collector" as defined in the Act; and (3) the Defendant engaged in any act or omission in violation of the prohibitions or requirements of the Act. Kolker v. Duke City Collection Agency, 750 F. Supp. 468, 469 (D.N.M. 1990); Riveria v. MAB Collections, Inc., 682 F. Supp. 174, 175-76 (W.D.N.Y. 1988); Withers v. Eveland, 988 F. Supp. 942, 945 (E.D. Va. 1997); Whatley v. Universal Collection Bureau, Inc., 525 F. Supp. 1204, 1206 (N.D. Ga. 1981).

The FDCPA is a strict liability statute. As such, only a single violation need be shown in order for the Plaintiffs to be entitled to damages under the Act. Clark v. Capital Credit & Collection Services, Inc., 2006 U.S. App. LEXIS 21594, *29-*30 (9th Cir. 2006); see Russell v. Equifax A.R.S., 74 F.3d 30, 33 (2d Cir. 1996) ("Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages.") and Hartman v. Meridian Financial Services, Inc., 191 F. Supp. 2d 1031, 1046-1047 (W.D. Wis. 2002) ("One false or misleading statement in a collection letter renders the entire communication false or misleading and constitutes one violation."); see also Cacace v. Lucas, 775 F. Supp. 502, 505 (D. Conn. 1990); Traverso v. Sharinn, 1989 U.S. Dist. LEXIS 19100, *4 (D. Conn. Sept. 15, 1989); Picht v. Jon R. Hawks, Ltd., 236 F.3d 446, 451 (8th Cir. 2001); Bentley v. Great Lakes Collection Bureau, 6 F.3d 60, 62 (2nd Cir. 1993).

To prove that the Defendant engaged in any act or omission in violation of the FDCPA, the Plaintiffs need only show that the Defendant violated 15 U.S.C. §§1692d, -e, -f, or -g. The operative facts necessary for this showing are all found within the short time period between early October, 2006, when the Defendant first contacted with the Plaintiffs regarding the alleged debt, and November 24, 2006, when the Plaintiffs learned that the Defendant settled the Plaintiffs' alleged debt by means of an unauthorized and illegal charge on the Plaintiffs' Sears Gold

MasterCard. These facts are very narrow in time and scope and also give rise to all of the Plaintiffs' state law causes of action.

The causes of action enumerated in the Defendant's counterclaim arise out of previous, separate, and distinct events. The Defendant's counterclaims allege, among other things, a breach of contract between Plaintiffs and a third party that occurred before Defendant was hired by said third party. This event is separated in time, factual nexus, and parties from the events leading to the violation of the FDCPA. There is no connection between these two issues: the parties are not even the same. Therefore, the logical conclusion is that the Defendant's counterclaim is not a compulsory counterclaim.

The court in Bakewell found that a counterclaim for suit on an account was not a compulsory counterclaim. Id. at 10. That court relied heavily on the reasoning found in Hart v. Clayton-Parker and Associates, Inc., 869 F. Supp. 774, 777 (D. Ariz. 1994), which stated "every published decision directly addressing the issue in this case has found that FDCPA lawsuits and lawsuits arising from the underlying contractual debt are *not* compulsory counterclaims."(emphasis in original). The court in Hart went on to state that such counterclaims are merely permissive. Id.

Because the events involved in the Defendant's counterclaim did not arise from Defendant's actions in attempting to collect the debt, it does not arise from the same "transaction or occurrence" as those in the Plaintiffs' claim. Since the Defendant's counterclaim is not compulsory, it falls within the much broader category of permissive counterclaims.

**B.    Defendant's Counterclaim Does Not Arise Out Of The Same Case Or Controversy As The Plaintiffs FDCPA Claim.**

The Defendant's counterclaim against the Plaintiffs is permissive. In assessing permissive counterclaims, the Court must "determine whether supplemental jurisdiction exists under 28 U.S.C. § 1367(a)." Bakewell at 7. 28 U.S.C. § 1367 states, in part, as follows:

"The District Court shall have supplemental jurisdiction over all

> other claims that are so related to claims in the action within
> such original jurisdiction that they form part of the same case
> or controversy under Article III of the United States Constitution."

The Court then must decide if the Defendant's counterclaim is so related to the claim brought by the Plaintiffs in this action that they constitute a portion of the "same case or controversy."

In this case, the Plaintiffs' cause of action is based upon the Defendant's violation of the FDCPA. The facts giving rise to this claim deal only with the Defendant's collection activities regarding the Plaintiffs. All of the facts necessary to prove the Plaintiffs' claim occur in a time period beginning in early October, 2006, and ending on or about November 24, 2006. The unauthorized and illegal charge instituted by the Defendant on the Plaintiffs' Sears Gold MasterCard account, the single fact giving to rise to all causes of action, occurred on or about October 23, 2006. As such, the Plaintiffs' claims can be proven by a limited number of facts spanning a very short period of time. The Plaintiffs need only show that the Defendant did institute an unauthorized and/or illegal charge on the Plaintiffs' Sears Gold MasterCard to be entitled to damages under the FDCPA.

In addition to the FDCPA violation, the Plaintiffs allege various state law violations including intentional infliction of emotional distress, negligent supervision, conversion, tortuous interference with a contractual relationship, and outrage. While these are state law claims, they are within the scope of the facts and discovery necessary to prove the Defendant's FDCPA violation. No additional steps need be taken in order to prove these claims being as they derive directly from the actions upon which the Plaintiffs' FDCPA claim is based.

The Defendant's counterclaim, however, is comprised of several state law causes of action. The elements of a right to recover for a breach of contract, money had and received, and account stated are vastly different from those elements of proof required by the Plaintiffs. Under Alabama

law, the requirements necessary to prove a breach of contract alone are: (1) the existence of a valid contract binding the parties in the action, (2) the claimant's own performance under the contract, (3) nonperformance by the defendant, and (4) damages.  See Weaver v. New Holland Credit Co., 812 So. 2d 1265, 1268 (Ala. Civ. App. 2001); Southern Med. Health Sys., Inc. v. Vaughn, 669 So. 2d 98, 99 (Ala. 1995).  Further, necessary to prove the existence of a valid contract are: (1) offer, (2) acceptance, (3) consideration, and (4) mutual assent to its terms.  See Freed v. Cobb, 845 So. 2d 807, 809 (Ala. Civ. App. 2002); Hargrove v. Tree of Life Christian Day Care Ctr., 699 So. 2d 1242, 1247 (Ala. 1997).  The inclusion of these claims in the case at hand will greatly broaden the scope of this proceeding far beyond that which is necessary to prove the Plaintiffs' claims.

The Defendant's counterclaim against the Plaintiffs does not form part of the "same case or controversy."  Defendant's counterclaim reaches far beyond the two month period in question, and deals with much more than the unauthorized and illegal charge made by the Defendant. Defendant's counterclaim asserts causes of action for breach of contract, money had and received, and account stated are based upon facts that took place well before the Defendant's attempt to collect a debt from the Plaintiffs.  These causes of action listed in the Defendant's counterclaim are based upon facts which would have taken place well before Plaintiffs' FDCPA claim arose.

The Defendant's counterclaims, while permissible, do not fall within the subject matter jurisdiction of this court.  The Defendant's counterclaim is not so related to the claim brought by the Plaintiffs that the two claims constitute the "same case or controversy."  As such, this court should dismiss the Defendant's counterclaim for lack of subject matter jurisdiction.

C.  **While Bakewell Sets Forth The Correct Legal Analysis, That Court Failed To Accurately Apply Its Own Analysis**

The Bakewell Court concisely laid out the correct legal analysis a court should undertake in determining whether jurisdiction exists.  That court first analyzed whether the counterclaim was

compulsory or permissive. Bakewell at 7-10. Finding that the counterclaim in that case was permissive rather than compulsory, the Bakewell Court then attempted to determine whether supplemental jurisdiction existed under § 1367(a). Id. at 10-11. That Court further discussed whether it should exercise its discretion under § 1367(c) to decline to assert supplemental jurisdiction. Id. at 11-12. While all of these steps are correct, the Bakewell Court did not follow them fully.

The Bakewell Court's analysis of whether supplemental jurisdiction exists under § 1367(a) is errant in that the Court fails to apply that section correctly. At one point in its analysis, the Bakewell Court "acknowledges that as long as a counterclaim is 'so related to claims in the action within such original jurisdiction that they for part of the same case or controversy under Article III of the United States Constitution,' the Court has supplemental jurisdiction." Id. at 10 quoting 28 U.S.C. § 1367(a). While the Court specifically stated this standard, it failed to apply it. Rather than laying out the standard found in § 1367(a), the Bakewell Court instead applied a "common nucleus of operative fact" standard. Id. at 11. The Bakewell Court gleaned this standard from Sparrow v. Mazda Am. Credit, 385 F Sup. 2d 1063 (E.D. Ca. 2005) at 1067, and Ayres v. National Credit Management Corp., 1991 U.S. Dist. LEXIS 5629 (E.D. Pa. 1991). These cases are both from separate and different districts. As such, they are not binding in the Eleventh Circuit. No other Eleventh Circuit decision has ever cited Sparrow or Ayres. The Bakewell Court erred by relying solely upon these decisions rather than simply applying the standard which it had previously set out.

In essence, the Bakewell Court traded the "same case or controversy" standard for a no less tedious "common nucleus of operative fact" standard. In doing so, that Court failed to even examine the "common nucleus of operative fact" standard. Rather, after adopting the "common

nucleus of operative fact" standard, the Bakewell Court blindly followed the decision in Sparrow by finding that the "Plaintiff's FDCPA and the Defendant's claim for the underlying debt arise under a 'common nucleus of operative fact'" standard. Bakewell at 11.

The Bakewell Court stated that it must "determine whether supplemental jurisdiction exists under § 1367(a)." Id. at 7. It then analyzed the "same case or controversy" standard that should be applied in determining supplemental jurisdiction. Id. at 10 & 11. The Bakewell Court should simply have applied that standard and determined whether or not both the Plaintiff's claim and the Defendant's counterclaim were part of "the same case or controversy." The Bakewell Court failed to do so. Therefore, while the majority of the Bakewell Court's analysis is correct, its final determination is not.

This Court should apply the correct standard under § 1367(a), and determine whether these claims "form part of the same case or controversy." In analyzing the facts of this case, it is clear that they do not. In doing so, this Court should find that supplemental jurisdiction does not exist.

**D.    Res Judicata Would Not Bar A Subsequent Suit On Defendant's claims**

Should the Plaintiffs prevail on their FDCPA claim, there is no res judicata effect which would preclude the Defendant from proceeding in subsequent state court collection suits to recover whatever debt can be proved, since a FDCPA violation cannot void an underlying debt obligation. Dismissing the Defendant's counterclaim would not allow the Plaintiff to shirk the alleged debt; it would simply deny the Defendant a federal forum for its collection case. The Defendant may pursue its claim, comprised entirely of state court actions, in state court, the proper forum for its claim. The Defendant's right to do so is not dependant upon the outcome of this action.

**E.    In The Alternative, Even Supplemental Jurisdiction Does Exist Over The Defendant's Counterclaim.  This Court Should Decline To Exercise Such Jurisdiction.**

28 U.S.C. § 1367(c) grants District Courts discretion in exercising supplemental jurisdiction

in one of the following four circumstances: (1) the claim raises a novel or complex issue of state law; (2) the claims substantially predominates over the claim or claims over which the District Court has original jurisdiction; (3) the District Court has dismissed all claims over which it has original jurisdiction; or, (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

The facts necessary to prove the Plaintiffs' claims are the same facts which are necessary to prove an FDCPA violation. The Plaintiffs' state law claims require no additional attention. The scope of the Plaintiffs' claims consist of only the information which is necessary in proving their FDCPA claim.

Given this limited scope, the Defendant's counterclaims for breach of contract, money had and received, and account stated would "substantially predominate" over the Plaintiffs' claims. The inclusion of the Defendant's counterclaims in this proceeding will greatly broaden and complicate this case. As such, this Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(2).

There are also other compelling reasons that this Court should decline jurisdiction over Defendant's counterclaims under 28 U.S.C. § 1367(c)(4). The purpose of the FDCPA is "To eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not completely disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses."

In this case, the Defendant is striking back at consumers who are asserting their rights under Federal law and are attempting stifle those who protest their illegal collection activities. If debt collectors are allowed to raise such counterclaims in FDCPA actions, the result will be a chilling effect leaving consumers reticent to bring FDCPA actions for fear of counterclaims by the debt collectors. This Court should not condone this practice and should dismiss the Defendant's

counterclaim.

## IV.  CONCLUSION

The Defendant's counterclaim is not part of the "same case or controversy" as the Plaintiff's original cause of action.  The facts needed to prove the claims brought by each party here are exclusive of one another.  The claims have nothing in common other than that they both derive from a single alleged debt.

The purpose of Fair Debt Collection Practices Act balances the right of creditors to collect valid debts, against the right of consumers to be free from the harassment and avarice of debt collectors.  If the Defendant is allowed to bring its counterclaim against the Plaintiffs in this proceeding the effect will be to further harass the Plaintiffs.  The inclusion of the Defendant's counterclaim would also transform a relatively simple statutory violation case into a much longer, more complex breach of contract action.  This new issues would predominate over those raised in the Plaintiff's original complaint.  The proper forum for these causes of action is state court.

For these reasons, this Court should dismiss the Defendant's counterclaim in its entirety.

Respectfully submitted this **18th** day of July, 2007.

BROCK & STOUT

*/s/ Walter A. Blakeney*
Walter A. Blakeney, Esq.
Gary W. Stout, Esq.
David G. Poston, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
334-671-5555
334-671-2689 Facsimile
Email: christal@circlecitylaw.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have this date served a copy of the foregoing upon Paul J. Spina, III., Esq., Attorney for Defendant, via electronic mail at pspina@ysllaw.com, this **18th**

day of July, 2007.

        */s/ Walter A. Blakeney*
        Walter A. Blakeney, Esq.